In the Matter of the Claim of Francis L. Savage, Employee.

Francis L. SAVAGE, Appellant (Applicant-Claimant below),

v.

WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellee (Objector-Defendant below),

and

Country Bottle Shop (Employer-Defendant below).

No. 3768.

Supreme Court of Wyoming.
March 21, 1969.

G. L. Spence, Riverton, for appellant.

Edward L. Grant, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

## ON MOTION TO DISMISS

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

PER CURIAM.

The record on appeal was filed February 5, 1969. No brief has been filed by appellant. On March 5, 1969, the Wyoming State Treasurer, ex rel. Workmen's Compensation Department, objector-appellee, filed in five copies a motion to dismiss, together with five copies of a memorandum of points and authorities in support of the motion to dismiss. Appellee's memorandum cites Rule 12(d) of this court which provides that in workmen's compensation cases brought to this court by appeal, the appellant, within 15 days after the filing of the record on appeal shall file with the clerk five copies of his brief.

Appellant has not filed any memorandum in opposition to appellee's motion as provided in Rule 6 of this court. However, this court did, on March 18, 1969, receive from appellant an application for extension of time to file brief.

In fairness to appellant it should be noted that it is shown that counsel did, prior to March 12, call the Special Assistant Attorney General and request that he stipulate to an extension of time. During the conversation, the Special Assistant Attorney General advised counsel that he saw no reason why he wouldn't sign the stipulation because he had in the past stipulated with other counsel for enlargment of time prior to the time the brief was due. Appellant then forwarded a stipulation to the Special Assistant Attorney General. The Special Assistant Attorney General had second thoughts on the matter, and, by letter dated March 12, 1969, returned the stipulation to appellant unsigned. Thus it appears that appellant's counsel immediately upon receipt of the motion to dismiss took some action in an effort to remedy the defect.

It should be noted that there is nothing new about the 15-day period for filing briefs in workmen's compensation cases. The 15-day period is provided by statute, § 27–130, W.S.1957, C.1967, and was originally adopted by the Wyoming State Legislature in 1931, Ch. 73, § 59, S.L. of Wyoming, 1931. To resolve doubt about the commencement of the 15-day period, this court, in 1933, adopted a rule effective January 1, 1934, which rule is now contained in the second paragraph of Rule 12(d).

Supreme Court Rule 12(j), provides that when the party holding the affirmative has failed to file and serve his brief as required by the rules, the party holding the negative may have the case dismissed, and also provides that, if appellant fails to file his brief within the time fixed by the rules, the case may be dismissed on the ground of want of prosecution.

Appellant states in his application for extension of time to file brief that "Workman's counsel was under the mistaken belief that he had sixty days, not fifteen days, within which to file his brief."

We have said that this court in non-jurisdictional matters has power to extend the time of filing after expiration of the time for filing allowed by statute or

by rule of court, but that it should be exercised sparingly and only in extreme cases to prevent an apparent injustice.

The circumstances in the case before us are not such as to excuse appellant's failure to comply with Supreme Court Rule 12(d).

The motion to dismiss the appeal is granted, and the application for extension of time to file brief is denied.